# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **MICHAEL LEE COUSINS,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:19CV00758 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **BLUE RIDGE REGIONAL JAIL** | ) | By: James P. Jones |
| **AUTHORITY, ET AL.,** | ) | United States District Judge |
| | ) | |
| Defendants. | ) | |

*Michael Lee Cousins, Pro Se Plaintiff.*

The plaintiff, a Virginia jail inmate proceeding pro se, filed this action under 42 U.S.C. § 1983, complaining about his medical care. I conclude that the action must be summarily dismissed for failure to state a claim.

Cousins states that he is confined at the Amherst County Detention Center ("ACDC"). The Complaint form names two defendants, ACDC and Blue Ridge Regional Jail Authority ("BRRJA"), and offers only these allegations:

> Neglected to take me to optometrist to have eyes check[ed] for black spots on my eyes.
>
> Giving me medication that F.D.A. have pulled not [sic] to use causes cancer. "AMLODIPINE."

Compl. 2, ECF No. 1. As relief, he seeks $75,000. Attached to the Complaint is a copy of an inmate request form directed to "nurse," requesting: "To have eyes

checked. . . . And to have blood pressure check making sure I am taking correct medication." Compl. Attach. 1, ECF No. 1-1. The nurse responded the next day: "We do not send inmates out for eye exams. You will be seen for your blood pressure concerns." *Id.*

Under 42 U.S.C. § 1997e(c)(1), the court may dismiss any § 1983 action "with respect to prison conditions . . . if the court is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted." To state a claim, the plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *See Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). The ACDC, one of the defendants Cousins has named, is a jail and cannot qualify as a person to be sued under § 1983. *See, e.g., McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 893-94 (E.D. Va. 1992).

Cousins also names as a defendant the BRRJA, an entity that can be sued under § 1983 in limited circumstances. Regional jail authorities and other "[l]ocal governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional

implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). The plaintiff must show that a BRRJA policy was "the moving force" behind the alleged violation of his rights. *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981).[1]

Cousins apparently contends that by providing or denying him certain medical care, unnamed individuals at ACDC have violated his constitutional rights. "[D]eliberate indifference to an inmate's serious medical needs constitutes cruel and unusual punishment under the Eighth Amendment." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014). Objectively, the inmate's medical condition must be serious in the sense that it "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.*. Subjectively, a prison official is deliberately indifferent if he "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The deliberate indifference standard "is not satisfied by . . . mere disagreement concerning questions of medical judgment" or mere negligence in diagnosis or treatment decisions. *Germain v. Shearin*, 531 F. App'x 392, 395 (4th Cir. 2013) (unpublished); *Estelle v. Gamble*,

---

[1] I have omitted internal quotation marks, alterations, and/or citations here and throughout this Opinion, unless otherwise noted.

429 U.S. 97, 105-06 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."); *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977) (in addressing claim regarding prison medical care, "the essential test is one of medical necessity and not simply that which may be considered merely desirable").

Cousins has not alleged sufficient facts to state a claim that anyone at the jail knew he had a serious medical need for different treatment than was provided to him. The medical staff administered medication to treat Cousins' blood pressure and agreed to schedule him for evaluation when he asked to have a blood pressure check and discuss his medication. Cousins' mere disagreement with the provider's decision — that the benefits of prescribing him amlodipine to treat his high blood pressure outweighed any associated risks — does not support a finding of deliberate indifference.[2] Moreover, even if the alleged black spots on Cousins' eyes might warrant examination by a medical professional, his submissions do not suggest that anyone at the jail *knew* about those spots or denied him access to a medical provider at the jail for evaluation of the problem.

---

[2] Cousins provides no factual basis for his bald assertion that the U.S. Food and Drug Administration ("FDA") has taken amlodipine off the market because it causes cancer, and I find no such evidence. *See, e.g., Recalls, Market Withdrawals, & Safety Alerts* (Jan. 27, 2020), https://www.fda.gov/safety/recalls-market-withdrawals-safety-alerts (indicating some *brands* of medication containing amlodipine in combination with other drugs were recalled in 2018 or 2019, based on concerns that they might contain impurities).

Because Cousins' complaint presents insufficient facts to support a claim that any jail official deprived him of constitutional rights, he has also failed to state any § 1983 claim against the BRRJA regarding its policies on medical care. Accordingly, I will summarily dismiss this action without prejudice under § 1997e(c)(1) for failure to state a claim upon which relief could be granted. Dismissal without prejudice leaves Cousins free to refile his claims in a new and separate civil rights action, provided he can correct the deficiencies described in this Opinion.

A separate Final Order will be entered herewith.

DATED: February 4, 2020

/s/ JAMES P. JONES
United States District Judge